UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAREFUSION 303, INC.,<br><br>                          Plaintiff,<br><br>  vs.<br><br>SIGMA INTERNATIONAL,<br><br>                          Defendant. | CASE NO. 10cv0442 DMS (WMC)<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT**<br><br>**[Docket No. 95]** |

This matter comes before the Court on Defendant's motion for summary judgment of non-infringement. Plaintiff filed an opposition to the motion, and Defendant filed a reply. For the reasons discussed below, the Court denies Defendant's motion.

**I.**

**FACTUAL BACKGROUND**

**A.    The '553 Patent**

United States Patent Number 6,347,553 ("the '553 Patent") is entitled, "Force Sensor Assembly for an Infusion Pump." Plaintiff alleges Defendant infringes claims 1, 2, 3, 8, 9, 11, 12, 17, 22 and 23 of the '553 Patent.

Independent claim 1 of the '553 Patent provides:

A force sensor assembly for use in peristaltic pumps, comprising:

a housing;

        a load cell at least partially disposed within said housing;

        a plunger, pivotable about an axis, where said plunger comprises;

            an upper surface; and

            an underside surface distal from said upper surface where said underside surface cooperates with said load cell; and

a means for reducing said load cell's sensitivity to the positioning of an applied force on said upper surface.

Independent claim 22 provides:

A force sensor assembly adapted to reduce a load cell's sensitivity to the positioning of an applied force, comprising:

        a housing;

        a load cell at least partially disposed within said housing; and

        a plunger rotatably coupled to said housing by means of a hinge said plunger further comprising;

            an upper surface which is shaped to compensate for variations in measured force caused by the misalignment of said applied force; and

            an underside surface distal from said upper surface,

such that in use a force applied to said upper surface of said plunger is transferred to said load cell by said underside of said plunger pivoting into contact with said load cell.

**B.     The Accused Product**

Plaintiff alleges Sigma Spectrum pumps infringe at least claims 1 and 22 of the '553 Patent. The Sigma Spectrum pump "is a linear peristaltic IV pump that uses designated conventional IV sets from major set manufacturers. The pump features a number of traditional linear peristaltic IV pump elements including an air-in-line detector and a downstream occlusion sensor." (Decl. of Neil Sheehan in Supp. of Opp'n to Mot. ¶10.) As it relates to the present motion, the pump has a door, which when opened, allows the user to load the IV tube into the pump. The door has a component called a pusher, which applies pressure to the IV tube when the door is closed. The parties dispute whether the IV tube is capable of moving around or being off-center once the door to the pump is closed.

/ / /

/ / /

/ / /

**II.**

**DISCUSSION**

Defendant moves for summary judgment of non-infringement of the '553 Patent. It argues its IV pump does not meet the function recited in claim 1 of the '553 Patent that requires "reducing a load cell's sensitivity to the positioning of an applied force on said upper surface." Defendant also asserts its IV pump does not meet the requirement of "misalignment" in claim 22. Plaintiff contends Defendant's motion is based on an erroneous construction of the claim language. It also argues Defendant has not shown the absence of a genuine issue of material fact that its products do not meet the requirements of the claims.

**A.  Summary Judgment**

"Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law." *IPXL Holdings, L.L.C. v. Amazon.com, Inc.*, 430 F.3d 1377, 1380 (Fed. Cir. 2005) (citing Fed. R. Civ. P. 56(c)). "A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the parties' differing versions of the truth." *S.E.C. v. Seaboard Corp.*, 677 F.2d 1301, 1306 (9th Cir. 1982).

The moving party has the initial burden of demonstrating that summary judgment is proper. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). To meet this burden, the moving party must identify the pleadings, depositions, affidavits, or other evidence that it "believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party satisfies this initial burden, then the burden shifts to the opposing party to show that summary judgment is not appropriate. *Id.* at 324. The opposing party's evidence is to be believed, and all justifiable inferences are to be drawn in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). *See also IPXL*, 430 F.3d at 1380 (quoting *Chiuminatta Concrete Concepts, Inc. v. Cardinal Indus.*, 145 F.3d 1303, 1307 (Fed. Cir. 1998)) (stating "'evidence must be viewed in the light most favorable to the party opposing the motion, with doubts resolved in favor of the opponent.'") However, to avoid summary judgment, the opposing party cannot rest solely on conclusory allegations. *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986). Instead, it must designate specific facts showing there is a genuine issue for trial. *Id.* More than a "metaphysical doubt" is required to establish a genuine

issue of material fact." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

**B.      Non-Infringement**

A determination of infringement, or in this case non-infringement, "requires a two-step analysis. 'First, the claim must be properly construed to determine its scope and meaning. Second, the claim as properly construed must be compared to the accused device or process.'" *Terlep v. Brinkmann Corp.*, 418 F.3d 1379, 1381 (Fed. Cir. 2005) (quoting *Carroll Touch, Inc. v. Electro Mech. Sys., Inc.*, 15 F.3d 1573, 1576 (Fed. Cir. 1993)). *See also Biagro Western Sales, Inc. v. Grow More Inc.*, 423 F.3d 1296, 1301 (Fed. Cir. 2005) (citing *Cybor Corp. v. FAS Techs., Inc*., 138 F.3d 1448, 1454 (Fed. Cir. 1998)); *Research Plastics, Inc. v. Federal Packaging Corp.*, 421 F.3d 1290, 1295 (Fed. Cir. 2005); *Aquatex Indus., Inc. v. Techniche Solutions*, 419 F.3d 1374, 1379 (Fed. Cir. 2005) (quoting *Ranbaxy Pharms., Inc. v. Apotex, Inc.*, 350 F.3d 1235, 1239-40 (Fed. Cir. 2003)) (same). The first step is a question of law, and the second step is a question of fact. *Nystrom v. Trex Co., Inc.*, 424 F.3d 1136, 1141 (Fed. Cir. 2005). Infringement will not be shown unless the plaintiff demonstrates "'the presence of every element or its substantial equivalent in the accused device.'" *Terlep*, 418 F.3d at 1384-85 (quoting *Wolverine World Wide, Inc. v. Nike, Inc.*, 38 F.3d 1192, 1199 (Fed. Cir. 1994)).

In this motion, the elements at issue are "reducing said load cell's sensitivity to the positioning of an applied force on said upper surface," as used in claim 1, and "misalignment," as used in claim 22. Defendant ascribes the same meaning to both of these elements, namely, that they require misalignment of the IV tube in the pump. Defendant asserts its pumps do not allow for misalignment of the IV tube, therefore its products do not infringe.

As a threshold matter, the Court agrees with Plaintiff that Defendant's non-infringement argument is based on a construction of the claim language the Court has already rejected. During the Markman proceedings, the parties disputed the proposed function of the means-plus-function language in claim 1. Plaintiff proposed the function should be interpreted in accordance with its plain and ordinary meaning, namely, "reducing a load cell's sensitivity to the positioning of an applied force on the upper surface of the plunger," while Defendant argued for a limitation that the applied force is not held in place. The Court rejected Defendant's proposed construction and opted in favor of the plain and

ordinary meaning. In the present motion, Defendant rephrases its argument, but the substance is the same: The claims do not cover a pump where the IV tube is held in place. Because Defendant's non-infringement argument rests on an erroneous construction of the claim language, Defendant is not entitled to summary judgment of non-infringement.[1]

Furthermore, even if the Court were to construe the claim language according to Defendant's argument, Defendant has not shown there is an absence of genuine issues of material fact such that it would be entitled to judgment as a matter of law. Specifically, Defendant has not shown there is no dispute about the operation of its pumps, and in particular, whether the pumps allow for movements of the IV tube or for the tube to be placed off-center. In light of these factual disputes, Defendant would not be entitled to summary judgment even if the Court agreed with its claim construction.

## III.

## CONCLUSION AND ORDER

For these reasons, the Court denies Defendant's motion for summary judgment of non-infringement.

**IT IS SO ORDERED.**

DATED: December 20, 2011

_____
HON. DANA M. SABRAW
United States District Judge

---

[1] Defendant appears to acknowledge that if the Court disagrees with its claim construction, then its summary judgment motion must be denied. (*See* Reply in Supp. of Mot. at 5 ("If the Court agrees that the 'sensitivity to positioning' requires multiple positions, summary judgment must be entered."))