**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

CAREFUSION 303, INC.,

Plaintiff,

vs.

SIGMA INTERNATIONAL,

Defendant.

CASE NO. 10cv0442 DMS (WMC)

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON LOST PROFIT DAMAGES**

**[Docket No. 92]**

This matter comes before the Court on Defendant's motion for summary judgment on lost profit damages. Plaintiff filed an opposition to the motion, and Defendant filed a reply. For the reasons discussed below, the Court grants in part and denies in part Defendant's motion.

## I.

## FACTUAL BACKGROUND

This case involves a claim for infringement of United States Patent Number 6,347,553 ("the '553 Patent"). The pretrial conference is scheduled for January 6, 2012, and the trial is scheduled to begin on January 30, 2012. At trial, Plaintiff intends to seek a variety of damages, including lost profits on the sales of its competing infusion pumps, lost sales of related products and services and a reasonable royalty on the remaining sales of Defendant's infringing pumps. (Opp'n to Mot. at 6.) The present motion is directed towards the first two categories of damages.

/ / /

**II.**

**DISCUSSION**

Defendant moves for summary judgment on Plaintiff's use of the entire market value rule in calculating its lost profits, including lost profits on convoyed sales, and Plaintiff's price erosion damages. Defendant argues there is insufficient evidence to warrant presentation of the entire market value rule to the jury, therefore it is entitled to summary judgment on that issue. Defendant also takes issue with the methodology of Plaintiff's damages expert, Robert H. Wallace, in forming his opinions on lost profits and price erosion damages. The latter arguments go to the admissibility of Mr. Wallace's opinion, and are not appropriate for resolution on a motion for summary judgment. Accordingly, the Court will not address those arguments further in this Order. Rather, the Court's discussion is limited to whether Plaintiff has presented sufficient evidence to allow it to present the entire market value rule to the jury.

**A. Summary Judgment**

"Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law." *IPXL Holdings, L.L.C. v. Amazon.com, Inc.*, 430 F.3d 1377, 1380 (Fed. Cir. 2005) (citing Fed. R. Civ. P. 56(c)). "A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the parties' differing versions of the truth." *S.E.C. v. Seaboard Corp.*, 677 F.2d 1301, 1306 (9th Cir. 1982).

The moving party has the initial burden of demonstrating that summary judgment is proper. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). To meet this burden, the moving party must identify the pleadings, depositions, affidavits, or other evidence that it "believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party satisfies this initial burden, then the burden shifts to the opposing party to show that summary judgment is not appropriate. *Id.* at 324. The opposing party's evidence is to be believed, and all justifiable inferences are to be drawn in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). *See also IPXL*, 430 F.3d at 1380 (quoting *Chiuminatta Concrete Concepts, Inc. v. Cardinal Indus.*, 145 F.3d 1303, 1307 (Fed. Cir. 1998)) (stating "'evidence must be viewed in the light most favorable to the party opposing the motion, with doubts resolved in favor of the opponent.'") However,

to avoid summary judgment, the opposing party cannot rest solely on conclusory allegations. *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986). Instead, it must designate specific facts showing there is a genuine issue for trial. *Id.* More than a "metaphysical doubt" is required to establish a genuine issue of material fact." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

**B. Entire Market Value Rule**

The first argument in support of Defendant's motion for summary judgment is that there is insufficient evidence to support Plaintiff's use of the entire market value rule in calculating its lost profit damages. The parties disagree about the law concerning the entire market value rule, and also dispute whether the evidence is sufficient for this theory to go to the jury.

"For the entire market value rule to apply, the patentee must prove that 'the patent-related feature is the 'basis for customer demand.'" *Lucent Techs, Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1336 (Fed. Cir. 2009) (quoting *Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1549 (Fed. Cir. 1995) (*en banc*)).

> This rule is derived from Supreme Court precedent requiring that "the patentee ... must in every case give evidence tending to separate or apportion the defendant's profits and the patentee's damages between the patented feature and the unpatented features, and such evidence must be reliable and tangible, and not conjectural or speculative," or show that "the entire value of the whole machine, as a marketable article, is properly and legally attributable to the patented feature."

*Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1291, 1318 (Fed. Cir. 2011) (quoting *Garretson v. Clark*, 111 U.S. 120, 121 (1884)).

Plaintiff acknowledges the language from *Lucent* that the entire market value rule does not apply unless the patent-related feature is the basis for customer demand, but argues the rule is not as narrow as that language suggests. Instead, Plaintiff asserts the entire market value rule applies if the results of the invention drive customer demand, citing *Funai Electric Co., Ltd. v. Daewoo Electronics Corp.*, 616 F.3d 1357 (Fed. Cir. 2010). *Funai*, however, does not so hold. Rather, *Funai* restates the rule as laid out in *Lucent*: The entire market value rule does not apply unless the patented technology is the basis for customer demand. *Id.* at 1375.

Plaintiff asserts this case is replete with evidence that the patented sensor technology contributes to the overall safety of the infusion pump, which drives customer demand, therefore Plaintiff should be

allowed to present the entire market value rule to the jury. However, much of the evidence Plaintiff cites does not support its argument. Rather, that evidence demonstrates occlusion sensors generally, not the particular sensor described in the '553 Patent, contribute to the safety of the pump. (*See* Decl. of Jesse Hindman in Supp. of Opp'n to Mot. ("Hindman Decl."), Ex. A at 29; Ex. B at 102-03; Ex. G at 180-81; Ex. L at 212-13.) The other evidence shows the alleged infringing sensor is an "important" or "critical" component of the pump, (Hindman Decl., Ex. C at 129; Ex. J at 205; Ex. K at 206), not that it is essential to patient safety. The only evidence that the patented sensor technology contributes to overall patient safety is found in the testimony of Plaintiff's former manufacturing manager, Michael Wagner, who stated the downstream occlusion sensor in the Sigma Spectrum pump "is one of the components that maintains the safety and accuracy of the Spectrum pump[.]" (Hindman Decl., Ex. H at 191)

Evidence that the patented sensor technology contributes to the safety of the infusion pump, however, does not warrant presentation of the entire market value rule to the jury. As stated above, the entire market value rule applies only where the patented technology is the basis for customer demand. Evidence that the patented technology contributes to the safety of the pump does not speak to that ultimate issue.

According to Plaintiff's argument, it is enough if the patented technology contributes to an intermediary feature that drives customer demand. The logic of this argument, while initially appealing, fails upon closer inspection. As Defendant points out, in this case there is more than one component that contributes to the safety of the pump. (*See* Table of Exs. in Supp. of Mot., Ex. A at 32.) Under Plaintiff's argument, each component could serve as the basis for customer demand. That result, however, is antithetical to the entire market value rule, which requires that the patented feature be "the 'basis for customer demand'" or that it "'substantially create[s] the value of the component parts.'" *Uniloc*, 632 F.3d at 1318 (citations omitted). In this case, Plaintiff has not set forth evidence sufficient to satisfy either formulation of that test. Accordingly, the Court grants Defendant's motion for summary judgment on the entire market value rule.[1]

---

[1] For the same reasons, the Court grants Defendant's motion for summary judgment on the issue of convoyed sales.

/ / /

/ / /

## III.

## CONCLUSION AND ORDER

For these reasons, the Court grants in part and denies in part Defendant's motion for summary judgment on lost profits damages. Specifically, the Court grants the motion as to application of the entire market value rule and convoyed sales, and denies the motion as to any price erosion damages.

**IT IS SO ORDERED**.

DATED: January 3, 2012

HON. DANA M. SABRAW
United States District Judge